**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-61472-Civ-TORRES

DOUGLAS WALKER, *et al.*,

Plaintiffs,

v.

IRON SUSHI LLC, *et al.*,

Defendants.
________________________________________/

**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs, filed on November 30, 2017. [D.E. 35]. Defendants responded in opposition to the Motion on December 21, 2017, [D.E. 38], and Plaintiffs' Reply followed on January 10, 2018. [D.E. 41]. After reviewing the Parties' briefing materials, the exhibits attached thereto, and the relevant authorities governing the dispute, we hereby find that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part**.

## *I. BACKGROUND*

Plaintiffs initiated suit on July 25, 2017, alleging that Defendant's violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). [D.E. 1, p. 12-15]. Plaintiffs also alleged that Defendants violated

state law minimum wage claims against Defendants pursuant to the Florida Constitution, Art. X, Section 24(1). *Id.*, p. 15-16.

On August 25, 2017, one month after Plaintiffs filed their Complaint, Defendant made the following settlement offers to the three Plaintiffs: (1) $833.52 to Ezekiel Proctor; (2) $548.14 to Wayne Wisdom; and (3) $2,878.50 to Douglas Walker. [D.E. 38, p. 12]. On October 2, 2017, those offers were increased slightly pursuant to a Rule 68 offer of judgment, but Plaintiffs declined to accept both.

The Parties then appeared before the undersigned on October 25, 2017 to conduct a settlement conference pursuant to the then presiding Judge's referral Order. At the conference the FLSA claims were settled in full for the following amounts: (1) $1,000.22 for Ezekiel Proctor; (2) $657.76 for Wayne Wisdom; and (3) $3,453.44 for Douglas Walker. [D.E. 38]. To that end, the parties executed a settlement agreement, which included the following provision:

> The Parties hereto stipulate and agree that the Plaintiffs are entitled to recover their reasonable fees and costs that were incurred from the Defendants, and that U.S. Magistrate Judge Torres shall determine the amount of the reasonable fees and costs to be paid by Defendants to Plaintiffs' counsel, and then render a judgment for Plaintiffs and against Defendants, jointly and severally, in accordance therewith for the amount the Court deems to be reasonable.

[D.E. 35-1, p. 5]. The case was then reassigned to the undersigned upon the parties' consent. In accordance with the terms of the settlement, Plaintiffs now move to recover their attorney fees and costs for the Court's review and approval.

In total, Plaintiffs seek a fee award in the amount of $27,627.00, broken down as follows: (1) $10,680.00 in fees for the Law Offices of Joshua A. Millican, P.A.; (2)

$5,440.00 in fees for Greenfield Millican, P.C.; and (3) $11,507.00 in fees for the Fair Law Firm. [D.E. 35]. Plaintiffs also ask that they be awarded costs in the amount of $1,336.67. *Id.*

## *II. ANALYSIS*

### *A. Attorney's Fees*

The FLSA allows for the recovery of attorney's fees for prevailing parties. The relevant provision reads as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). An award for fees under the FLSA is left to the sound discretion of the district judge, who may exclude excessive or unnecessary work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 1541 (11th Cir. 1983).[1]

The Supreme Court has explained that the starting point for determining what constitutes a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 424. The resulting monetary figure represents what is known as the "lodestar." *Pennsylvania v. Delaware Valley Citizens' Counsel II*, 483 U.S. 711, 745 (1987). The lodestar can

---

1 Case law construing what is deemed a "reasonable" fee applies uniformly to all federal fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557 (1992).

be enhanced or reduced depending on the circumstances presented by each case. *Id.* The overall result obtained by the prevailing party is one consideration that a district court can take into account before adjusting the fee upward or downward. *Hensley*, 461 U.S. at 434 (finding that a court may "simply reduce the ward to account for the limited success" of a party). We now turn to the various elements discussed above to determine the appropriate amount of attorney's fees to be awarded to Plaintiffs.

### *1. Reasonable Fee*

The Court must first evaluate the requested fee in terms of an appropriate hourly rate. In doing so, we must consider the customary hourly rates charged in the community by attorneys offering similar services. *See Norman*, 836 F.2d at 1299. Thus, the Supreme Court has held that a reasonable hourly rate is to be measured by looking at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In determining the prevailing market rate, a court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harnkess*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

Defendant does not take issue with the hourly fees requested by Plaintiffs in their Motion. We further find these rates to be reasonable in this jurisdiction. *See*

*Benjamin v. VHU Express, Inc.*, 2017 WL 3448295, *2 (S.D. Fla. Aug. 8, 2017) (approving requested rate of $395 for Mr. Pollock and $135 for Ms. Acuna); *Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382316, *1 (approving same rates); *Eason v. Bridgewater & Assoc., Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs).

### *2. Hours Reasonably Expended*

The Court must next look to the total hours expended by Plaintiffs' counsel and whether the time spent on the matter can be considered "reasonable." A court must exercise its own independent judgment when reviewing a claim for hours reasonably expended. *Norman*, 836 F.2d at 1301-02. The party seeking fees must exercise "billing judgment" and exclude hours that would be unreasonable to bill a client (and therefore, one's adversary). *Id.* at 1301. Hours deemed "excessive, redundant or otherwise unnecessary" must be excluded from any fee award. *Id.*

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1306. The court must consider whether the work done was"useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 561 (1986). Courts must exclude from this fee calculation hours that were

"excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The undersigned had conducted a thorough review of the billing records and exhibits attached the Plaintiffs' Motion. Upon examination, it is abundantly clear that the records contain redundant, excessive and unreasonable time entries that cannot be part of any award for fees. As an example, a large majority of the hours billed by Ms. Millican involve text messages sent by her to the Plaintiffs. It is hard to fathom how a client can be billed for such exchanges, least of all the client's adversary. Such entries should not be part of any attorney's fee award here.[2]

Additionally, and at various times, the three attorneys representing the Plaintiffs performed redundant work, with the billing entries containing exceedingly similar descriptions of work performed by other attorneys on the file. *See American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 439 (11th Cir. 1999) (reducing approximately 110 hours' worth of redundant billing from final fee award); *Norman*, 836 F.2d at 1301-02; *see also Johnson v. University College of Univ. of Ala.,* 706 F.2d 1205, 1208 (11th Cir.1983). A fee applicant must show that multiple lawyers in a case were "not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman,* 836 F.2d at 1302. Duplication inevitably occurs when lawyers hold conferences, call each

---

[2] In one time entry, for instance Ms. Millican seeks to recover fees for texting "a picture of [co-counsel] Brian Pollock" to her client so that he could "recognize [Pollock] at the [settlement] hearing." [D.E. 35-3, p. 10]. She also attempts to recover fees for "receipt of picture of [client]," who she then forwarded to Mr. Pollock "for identification at [the] hearing." *Id.* Although seemingly small entries, it illustrates the unrecoverable minutiae included in the billing records that Plaintiffs are attempting to roll into the fee award.

other on the phone, write each other letters and memoranda, or when several lawyers bill for reading the same document received from the defendants or the court. *See, e.g., Sklar v. Clough,* 2008 WL 5381961, at *2 (N.D. Ga. Dec. 23, 2008).

The Court's review of the billing records evidences a significant overlap in work performed in the case. Such duplication of effort may be justified in a complex commercial case. It has no place in a straightforward FLSA case that settled shortly after it was filed, without any discovery or significant motion practice. The Court must thus eliminate the redundant and repetitive hours in the application keeping in mind that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman,* 836 F.2d at 1306.

Finally, the billing file contains several instances where it appears the attorneys performed clerical work on the file, which cannot be included in any fee award. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353 (S.D. Fla. 2007) (reducing fee award for, *inter alia*, "Plaintiff's billing for clerical work at senior attorney and partner rates."). Moreover, the Court's review of the file does not justify an award for any paralegal time given the limited litigation machinery that was actually needed in the case.

Overall, the labor required to obtain a result in this case should have been minimal. Had the case settled at the time Defendants made their original settlement offer on August 25, 2017, the fee award would have been modest and any

such request could certainly be deemed far more "reasonable" based on the relatively straightforward nature of the case. While we understand that under certain circumstances an otherwise valid "settlement offer" is so meager that it necessitates rejection and a continuing pursuit of a worthy recovery. But here, the August offers fell well within an acceptable range, especially when compared to the amounts Plaintiffs initially sought and what they eventually accepted as final settlement.[3]

The lack of a "reasonable" expenditure of hours also becomes evident in light of the fact that Mr. and Mrs. Millican both admit in the affidavits attached to their Motion that "formal discovery did not take place," and Defendants appear to be the only party that provided documents in this case. [D.E. 35-2, p. 2; 35-3, p. 2]. Under this set of facts, and when one views the fee request to include arguably unnecessary work that could have been avoided (or, in the case of the Millicans' admission about discovery, did not take place), the hours requested in the application are plainly unreasonable.

For instance, a significant amount of time was incurred by Mr. and Mrs. Millican prior to the time the litigation was actually filed. This work, consisting largely of conferencing with each other and the client, reviewing research on straightforward issues that are well-known to experienced FLSA counsel, and reviewing the file, are not compensable. Similarly the back and forth required to

---

[3] Proctor received an additional $166.70 for rejecting the August 25, 2017 offer and waiting until the end of October to settle; Wisdom received an additional $109.62, and Defendant's paid Walker an additional $574.94.

hire and retain local counsel in the jurisdiction where the action would ultimately be filed is also not compensable. Only time "expended on the litigation" is reimbursable by an adversary under *Hensley,* 461 U.S. at 433. And the Supreme Court has also clarified that "some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed 'on the litigation.' Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. of Educ. of Dyer Cty., Tenn.,* 471 U.S. 234, 243 (1985). The billing records here show, however, that the vast amount of time charged in the application that pre-dated the filing of the complaint grossly exceed this limited scope of compensable time. Hence a significant reduction will be made from the application for pre-litigation time spent by Mr. and Mrs. Millican.

For these reasons we have conducted a line-by-line review of the hours included in the application. We will reduce the number of hours sought by Plaintiffs' counsel to the following amounts: Ms. Millican is entitled to 2.3 hours of billable time; Mr. Millican may recover for 7.7 hours of billable time; Mr. Pollock is entitled to receive an award for 9.1 hours; and Ms. Acuna, 0.0 hours. Accordingly, the "lodestar" amount for Plaintiffs' fee award should be $7,640.00.

### ***3. Lodestar Adjustment***

In making a final determination on a request for an award of attorney's fees, the Supreme Court has made plain that "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. If a plaintiff's victory is limited, the

lodestar should be reduced to reflect the limited result. *Norman*, 836 F.2d 1302; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1548, 1350-51 (11th Cir. 2008) ("[A] downward adjustment to the lodestar is merited only if the party was partially successful in its efforts."). Thus, a district court may reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *Martinez v. Hernando County Sherriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014).

Here, according to the Statement of Claim, Plaintiffs sought a total of $51,505.64 in damages. [D.E. 15].[4] Yet the case settled for $5,111.42, or roughly 9.9% of the total amount sought at the outset of the litigation. Further, the total amount for attorney's fees requested by Plaintiffs – approximately $35,000.00 – would be more than six times the amount Plaintiffs actually recovered. In our view, it is beyond evident that Plaintiffs' counsel did not achieve a particularly successful result for their clients, especially when one compares the original offers of settlement and the figures sought in Plaintiffs' Statement of Claim to the amount ultimately received at settlement.

Accordingly, we could further adjust the lodestar amount by a percentage that more accurately reflected the limited success Plaintiffs achieved and the excessive difference between Plaintiffs' recovery and the requested attorney's fees. *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1578-82 (11th Cir. 1987) (affirming

[4] This figure takes in account the unpaid wages and liquidated damages sought by Ezekiel Proctor and Douglas Walker; the damages sought by Wayne Wisdom were not included in the Statement of Claim.

district court's reduction of attorney's fees by 67% where the amount received was only a small percentage of the damages sought); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, 2009 WL 2143628 (S.D. Fla. July 16, 2009) (reducing lodestar by 50% for plaintiff's limited success) *Reyes v. Falling Star Enter. Inc.*, 2009 WL 2927553, *1 (M.D. Fla. Oct. 12, 2006) (50% reduction of lodestar due to limited success).

Upon further reflection, however, we have opted not to pursue a further reduction in the lodestar simply because the Court's review of the hours requested was quite exacting. Certainly the reductions we made in the compensable hours took into consideration the "value" of the work performed to the client. Thus there is some overlap between those deductions and an additional lodestar reduction. Moreover upon an overall review of the case the final lodestar calculation reached by the Court, $7,640.00, reflects a reasonable fee for the type of work performed and the ultimate value of that time to the clients based upon their ultimate recoveries. As such, we opt to forego any further reduction in the lodestar, though justified, based on the limited success involved in this case.

### ***B. Costs***

Plaintiffs also seek to recover their costs pursuant to 29 U.S.C. § 216(b). Absent explicit statutory authorization, federal courts are limited in what costs may be taxed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). 28 U.S.C. § 1920 sets out the costs that may be recovered by a prevailing party:

(1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies or any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Upon the filing of a timely motion or bill of costs setting forth in detail the amounts requested, the non-moving party has the burden of showing that the costs requested fall outside the scope of the statute or were otherwise unreasonable. *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, *14 (S.D. Fla. Apr. 14, 2009). While a district court may deny a prevailing party its costs, its discretion to do so is not unfettered; when an award of costs is denied, the court must give reasons for its denial so that the appellate court may have some basis upon which to determine whether the district court acted within its discretionary power. *Id*.

Certain costs sought by Plaintiffs' counsel should not be part of any costs award. Specifically, the fees associated with the Millicans' *pro hac vice* applications are not recoverable under 28 U.S.C. § 1920. *See Covington v. Arizona Beverage Co., LLC*, 2011 WL 810592, *3-4 (S.D. Fla. Jan. 25, 2011) (finding that *pro hac vice* fees are not recoverable under Section 1920); *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459 (M.D. Ala. 1997) (denying prevailing party's request for an award of *pro*

*hac vice* costs). We will likewise deny Plaintiffs' request for an award of costs related to copies made, as Plaintiffs failed to provide sufficient supporting documentation that would allow us to find that the copies were necessarily made for use in the case. *See Arthur J. Gallagher Serv. Co. v. Egan*, 2015 WL 12130383, *3 (S.D. Fla. Feb 18, 2015) (prevailing party must show entitlement to costs sought by providing "sufficient detail and sufficient documentation regarding those costs.").[5] Finally, we will deny the costs requested by the Fair Law Firm, as they failed to provide supporting documentation demonstrating how these costs were related to the proceedings or how they contributed to Plaintiffs' eventual recovery. *Id.*

With these costs removed the following award in costs should be made (1) $400.00 in fees related to the filing of the Complaint; and (2) $55.61 in postage costs. Plaintiffs also seek to tax costs in the amount of $419.40 for fees related to service of process. [D.E. 35-2, p. 8; 35-3, p.12]. It appears that Plaintiffs utilized a private process server rather than having a U.S. Marshal serve the complaint on each Defendant; this is permissible, "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshall is $65.00 per hour. *See* 20 C.F.R. § 0.114(a)(3). As there is credible evidence contained in the Motion that establishes that the price per service of each Defendant did not exceed the cost associated with having a U.S. Marshal effectuate service, we will award

[5] The request for costs related to copying is further undercut by the fact that Plaintiffs did not engage in the exchange of formal discovery that might justify reimbursement of these types of costs.

Plaintiffs the total amount of $419.40 in such costs under Section 1920.

As such, Plaintiffs are entitled to an award of taxable costs totaling $875.01.

### *III. CONCLUSION*

Based on the foregoing, it is Ordered that Plaintiff's Motion is **GRANTED in part and DENIED in part**, and that Plaintiff's be awarded attorneys' fees in the amount of $7,640.00 and costs in the amount of $875.01. Payment of the fees and costs shall be made in accordance with the settlement agreement. If timely payment is not made, a fee judgment may be sought to enforce the terms of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of February, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge